UNITED STATES v. PERKINS et al.

(Circuit Court of Appeals, Second Circuit. February 11, 1895.)

No. 85.

1. CUSTOMS DUTIES—WOOD PULP—"DRY WEIGHT."

The term "dry weight," as used in paragraph 415 of the tariff act of October 1, 1890, imposing a duty of six dollars per ton dry weight on unbleached chemical wood pulp, and seven dollars per ton dry weight on bleached chemical wood pulp, does not refer to the absolute dry weight of the material immediately after desiccation in a kiln, but to the air-dry weight as understood in commerce.

2. SAME.

It seems that it is not customary to make an allowance for moisture in wood pulp where the moisture does not exceed 10 per cent. of the total weight.

This is an appeal from a decision of the United States circuit court, Southern district of New York, reversing a decision of the board of general appraisers, which affirmed the assessment of duties made by the collector of the port of New York on certain "unbleached chemical wood pulp." The tariff act of October 1, 1890, contains the following provision:

"415. Mechanically ground wood pulp, two dollars and fifty cents per ton, dry weight; chemical wood pulp, unbleached, six dollars per ton dry weight; bleached, seven dollars per ton dry weight."

There is no question as to the classification of the merchandise for duty, but the importers insisted that the dutiable weight was not correctly ascertained by the customs officers. Mechanically ground wood pulp contains 50 per cent., more or less, of water. Chemical wood pulp, which is an absorptive material, is found in a condition of practically absolute dryness only immediately after desiccation in a kiln. As soon as it is exposed to the air, it begins to take in moisture, and the amount of water thus absorbed by its fibers varies with the varying hygrometric conditions of the place where it is kept. The percentage of water, under some conditions, is found to be as low as $6\frac{1}{2}$ per cent.; under other conditions it rises to 13 per cent. or over. The collector determined the dutiable weight of the importation upon the assumption that the normal amount of water in chemical wood pulp was 10 per cent. He had tests made of the several lots imported, thus ascertaining the difference between the kiln-dried weight and the actual weight as imported. Where such difference did not exceed 10 per cent., he took the actual weight as the weight for duty purposes; where such difference exceeded 10 per cent., he deducted the excess from the actual weight, and exacted duty only on the residue. The importer insisted that duty should be exacted only on the kiln-dried weight.

James T. Van Rensselaer, for the United States.

Everitt Brown, for appellees.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

PER CURIAM. The board of general appraisers has found in this case that "the term 'dry weight' is a commercial term, meaning 'air-dry weight.'" The record before this court contains abundant testimony supporting this finding, and little, if any, to the contrary. Such finding of fact, therefore, should not be disturbed upon appeal. To the importers' further contention that the air-dry weight of their importation was determined by an arbitrary formula, not warranted by law or commercial usage, it is sufficient to say that their protest sets forth no such objection to the decision of the collector. The only ground of objection stated in that document is that "said merchandise is dutiable only on the absolute dry weight thereof." Having wholly failed to sustain the claim made in their protest, the importers were not entitled to relief, and the circuit court erred in reversing the decision of the board of appraisers. A majority of this court, moreover, are inclined to the opinion that the evidence sustains the further finding of the board of appraisers that in trade and commerce it is not customary to make an allowance for moisture in wood pulp where the moisture does not exceed 10 per cent. of the total weight, but, in view of the insufficiency of the protest, it is not necessary to pass upon that point in this case. The decision of the circuit court is reversed.